# CASES

IN THE

# APPELLATE COURTS OF ILLINOIS.

THIRD DISTRICT—NOVEMBER TERM, 1887.

CHICAGO, BURLINGTON & QUINCY RAILROAD COMPANY

v.

DAVID M. BRYANT.

*Railroads—Damages for Injury to Stock—Fence and Cattle Guard—Sufficiency of—Question for Jury—Evidence—Instructions—Improper Remarks by Counsel—New Trial—Newly Discovered Evidence—Diligence.*

1. In an action against a railroad company to recover damages for injuries to stock, the sufficiency of a cattle guard can not be shown by evidence that it is the same in construction as those generally used by the defendant and other roads.

2. It is proper to refuse instructions when the substance thereof is contained in others given at the instance of the party requesting the same.

3. Objection to statements of counsel for the adverse party in his closing remarks to the jury can not be first raised in this court.

4. In the case presented, it is *held:* That the verdict for the plaintiff is supported by the evidence; that there was no error in the modification and refusal of instructions asked by the defendant; and that it was proper to refuse a new trial on account of newly discovered evidence for want of diligence.

[Opinion filed May 25, 1888.]

APPEAL from the County Court of Morgan County; the Hon. O. P. THOMPSON, Judge, presiding.

Messrs. Sweeney & Walker, O. F. Price, and Morrison & Whitlock, for appellant.

Appellant, on the trial, offered to prove that the cattle guard in question was of the size and character ordinarily as well as uniformly used by railroad companies, but the court refused to allow such proof. That this proof was proper and competent would not seem to admit of doubt, and certainly' the authorities so hold. Smead v. L. S. & M. S. R. R. Co., 58 Mich. 200; Davidson v. M. C. R. R. Co., 49 Mich. 428.

In the Farrelly case, 3 Ill. App. 60, this evidence was held to be admissible.

Although this identical question does not seem to have been passed upon by our Supreme Court, yet it has uniformly held that it was proper to prove the custom of railroad companies as to the construction of their cars, road-bed, etc. I., B. & W. Ry. Co. v. Flanagan, 77 Ill. 367; Penn. R. R. Co. v. Hawkey, 93 Ill. 584; C., R. I. & P. Ry. Co. v. Lonergan, 118 Ill. 48.

As the exercise of reasonable care and diligence exonerates appellant from liability, and as this evidence would, of itself, have established such diligence and care, there is no principle upon which it could have been withheld from the jury.

Mr. George W. Smith, for appellee.

Wall, J. The appellee recovered a judgment for $200 against appellant on account of damage done to three horses of appellee by a train or trains running upon the railroad of appellant. The ground of recovery was that appellant had neglected to maintain suitable fences and cattle guards, whereby the animals went upon the track.

There was evidence tending to prove the fence at one point was so defective that the animals might have gone over it, and there was evidence tending to prove that they must have gone over a cattle guard. No witness saw them go either way, and the proof is circumstantial, resting mainly upon such indications and marks as would support one or the other of these theories. It is certain, injuries were inflicted by a train or trains passing over the road, and if there is enough evidence to show that the fence or cattle guard was

deficient, then, upon the facts, a recovery was justified. It was for the jury to determine this question of fact. There was abundant evidence that the fence was bad, although there was a conflict on this point. But the chief difficulty grows out of the fact that there is much to induce the belief that the animals went over the cattle guard and not through the broken fence. It is not very probable that where, as in this case, the breach in the fence is at the point of connection with the cattle guard, a horse would vault the more difficult barrier. The indications referred to, consisting of marks and hair, were mainly on the west side of the cattle guard near the defect in the fence, and it is possible if these were made by the stock when it went on the road, that the defective condition of the fence induced the effort to cross at that point.

Appellant, insisting that the animals jumped over the guard, and that the fence, whether good or bad, is not to be considered, sought to prove that the guard was such in point of construction, as generally used on that and other roads. This proof was rejected, but appellant was permitted to prove the condition of the guard and its mode of construction, and that it had been found sufficient to turn stock theretofore. This ruling of the court is complained of, as we think, without cause.

The statute required the appellant to make the guard "suitable and sufficient to prevent * * horses * * * from getting on the railroad," and while it was not required thereby to use extraordinary care in that regard, yet we think its duty could not be measured by what it had done on other parts of its line, or what other railroads had done. It may have constructed deficient cattle guards elsewhere, and so may have other companies. That would not prove this guard was " suitable and sufficient," or that reasonable diligence had been used to make it so. It was competent to prove what sort of a guard would, according to experience, answer the purpose, and such proof was allowed as tending to show that the statutory duty had been performed. It was a question of fact as to what was necessary. In the case of C. & A. R. R. v.

Utley, 38 Ill. 413, the Supreme Court in discussing the instructions refused, say: " A good and sufficient fence must be not merely one which will turn ordinary stock, for a slight barrier might do that, but one that will turn stock, even though, to some extent, unruly." Conceding that the stock went over the guard and not the fence, or, what is more likely, that the entrance was effected at the point where the fence joined the guard, we can not say the jury erred in finding that the defendant had not complied with the requirement of the statute in that behalf.

Objection is urged to the action of the court in modifying the tenth and eleventh instructions asked by appellant.

As to the tenth, the modification consisted in striking out the words, " found to be," before the words, " suitable and sufficient," the latter words having reference to the size and character of the cattle guard. This was right. While it was competent to show what had been found to be sufficient as tending to show that the structure was properly built, this did not furnish a conclusive test as to whether the defendant had discharged its duty in regard to the cattle guard. . The modification of the eleventh consisted of striking out the words, " ordinary stock," and inserting the word, " horses." There can be no valid objection to this. Horses were the subject of the injury, so far as this cattle guard was concerned, and the modification but made the instruction conform to the language of the statute, and rendered it the more appropriate to the matter in hand. Moreover, if the extract above quoted from the Utley case is a correct statement of the rule, the instruction as asked was unsound. Be this as it may, however, the appellant obtained, in at least two of its instructions which were given, the use of the word, " ordinary," as applied to horses and stock, and has no occasion to complain in this respect.

It is urged that the court erred in refusing certain instructions asked by appellant. The reasons or grounds for this objection are not pointed out, but, after an examination, we find that the substance of all of the refused instructions which was proper to go to the jury was embodied in the instructions

C., B. & Q. R. R. Co. v. Bryant.

given at the instance of the appellant. These, eleven in number, presented very fully and very favorably all the legal propositions called for by the case and there is, in our judgment, no occasion for complaint in this respect.

It is urged, also, that the court should not have allowed counsel for appellee, in his closing argument, to go outside of the record in discussing the evidence. The only foundation for this objection is in an affidavit, filed on the motion for a new trial. It does not appear that the remarks of counsel were brought to the notice of the court at the time they were made. Had this been done, and had the court declined to interfere or apply the proper corrective, we would inquire whether the objectionable utterances were of such importance as to justify a reversal of the case.

While we do not feel bound to make such inquiry in the present instance for the reason stated, we may say that we are not impressed with the significance of the matter. The utterance in question was not very unusual in its character, nor likely to have any special effect on the jury. .

Finally, it is pressed upon us that a new trial should have been granted on account of the newly discovered evidence of a witness named.

It does not appear that the proper diligence was used to learn the existence of this testimony, nor that it would have been decisive of the case. The point was properly overruled by the Circuit Court.

We find no error in the record and the judgment will be affirmed.

*Judgment affirmed.*